TATE, Judge.
The plaintiff instituted this workmen’s compensation action in Rapides Parish. The trial court sustained the defendant’s exception to the jurisdiction ratione per-sonnae, holding that Rapides Parish was an improper venue, and dismissed the suit. The plaintiff appeals from such dismissal.
The general rule of venue in workmen’s compensation suits is that they may be filed in the parish where the accident occurred and/or in the parish of the defendant employer’s domicile. LSA-R.S. 23:1311. In addition, by Act 414 of 1958 amending LSA-R.S. 23:1313, it was provided that where “the insurer is a defendant”, a workmen’s compensation suit may also be filed “at the domicile of the plaintiff”; and it is upon this latter provision alone that the plaintiff, a resident of Rapides Parish, relies in contending that Rapides Parish is a proper venue for his action.
It is conceded that the defendant corporation is domiciled in Allen Parish and that the accident out of which this compensation claim arose also occurred in Allen Parish. Uncontradicted evidence taken at the trial of the exception further shows that the defendant company has never carried workmen’s compensation insurance and that its only place of business in Louisiana is in Allen Parish. Thus, under the terms of the 1958 amendment to LSA-R.S. 23:1313 relied upon, the Rapides Parish district court, as the forum of the plaintiff’s domicile, has jurisdiction of this compensation suit only if “the insurer” is made defendant.
Plaintiff’s counsel somewhat ingeniously suggests that Rapides Parish was a proper venue for this claim because the defendant, carrying no compensation insurance, was thus a “self insurer”; and as an “insurer”, subject to suit at the plaintiff’s domicile in the same manner as would have been an insurance company providing compensation coverage.
However, both technically and in the ordinary meaning of the terms and also in the context of the compensation statute, the “insurer” refers to the carrier with whom a contract of insurance is made by the “employer” insuring the latter’s compensation liability. In view of the plain legislative intent, we are unable to hold that an «^insured employer may for purposes of venue be considered an “insurer”, so that suit against such uninsured employers might be brought under the special statutory exception permitting compensation claimants to sue at their own domicile only when an "insurer” is made defendant.
The trial court correctly dismissed the plaintiff’s suit as improperly brought in Rapides Parish, and its judgment is accordingly affirmed at the plaintiff’s cost.
Affirmed.